IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA     :       Criminal No. 1:15-CR-00309

                 : 

        v.               :       (Chief Judge Conner)

                 :       (Electronically Filed)

JALIL IBN AMEER AZIZ       : 


## REQUEST FOR DISCOVERY


AND NOW, comes the defendant, Jalil Ibn Ameer Aziz, by his attorney,

Thomas A. Thornton, Esquire of the Federal Public Defender's Office, and files

this Request for Discovery, averring as follows:

The defendant, Jalil Ibn Ameer Aziz, through counsel, requests the

government to produce discovery in accordance with Federal Rule of Criminal

Procedure 16 and the Constitution.

**Introduction**

This motion is to formalize the defendant's request that the government meet

its obligation to provide basic discovery under the Constitution and Rule 16.  The

defense requests that the government produce discovery, consistent with the

general provisions of Rule 16 and the obligations to provide exculpatory evidence.

Specific areas that are disputed and need resolution will be addressed in separate motions, including a first motion for specific FISA discovery filed contemporaneously with this request.

## REQUESTS FOR DISCOVERY

1.      The substance of all oral statements made by Mr. Aziz to any government agent.  F.R.Cr.P. 16(a)(1)(A).  *United States v. Camargo-Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's post-arrest statement where defense strategy affected); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992).  Rule 16(a)(1)(A) governs the government's obligation to disclose to Mr. Aziz "the substance of any relevant oral statement" made to a government agent.  The Rule specifically provides:

> **(A)  Defendant's Oral Statement.**  Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Further, any statement to a government actor obtained by email, telephone, text messaging, or any other means must be produced.

2.      All written or recorded statements of Mr. Aziz (including, but not limited to, grand jury testimony, telephone calls, transcripts, depositions, etc.).  *See* F.R.Cr.P. 16(a)(1)(B); *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("[g]overnment should disclose any statement made by the defendant that may be relevant"), *receded from on other grounds by United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989); *Alex*, 788 F. Supp. at 1016 (where government "offered no compelling explanation" for non-disclosure of statements of co-defendant, court exercises discretion to order disclosure).  Rule 16(a)(1)(B) governs the government's obligation to disclose all written or recorded statements made by Mr. Aziz.  The Rule provides, in relevant part, as follows:

> **(B)  Defendant's Written or Recorded Statement.**  Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>> (I) any relevant written or recorded statement made by the defendant if:
>> • the statement is within the government's possession, custody, or control; and
>> • the attorney for the government knows–or through the due diligence could know–that the statement exists;
>> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent . . . .

For the same reasons set forth in item 1 above, the government should disclose complete and un-redacted copies of all written or recorded statements made by Mr.

Aziz, including but not limited to statements made via telephone, e-mail, or during face-to-face meetings.

3.     All books, papers, documents, tangible objects, photographs, buildings or places which are "material to preparing the defense."  F.R.Cr.P. 16(a)(1)(E)(I).  *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir. 2003) (where reasonable suspicion was based on the alert of a narcotics detection dog, the dog's training and certification records were material and discoverable); *United States v. Bergonzi*, 216 F.R.D. 487, 501 (N.D.Cal. 2003) (in securities fraud prosecution, the company's internal report and interview memoranda were material to the defense because the documents were prepared with an eye toward discovering who was culpable for the crime).  Rule 16(a)(1)(E) governs the government's obligation to disclose documents and objects upon the defendant's request.  The Rule specifically provides:

> **(E)  Documents and Objects.**  Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

In light of the particular circumstances of this case, the government should be required to disclose all training manuals, procedures, policies, protocols, books, papers, records, and other materials used by the government to train its agents or employees to perform undercover operations, particularly in cases.  Any materials that address or concern training or instruction of government agents, employees, contractors, or volunteers regarding the issue of entrapment are especially relevant and should be disclosed.  The documents, materials, and information sought by Mr. Aziz are material to the preparation of his defense as serious questions exist about his vulnerability, predisposition, and inducement.  In order to effectively cross-examine the undercover officers, defense counsel must be apprised of their qualifications and competency as demonstrated by whatever certifications or training documentation may exist.

4.     All reports, local, state, or federal, relating to the circumstances of any search involving Mr. Aziz or his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This information is necessary to enable Mr. Aziz to prepare motions to suppress evidence.  F.R.Cr.P. 16(a)(1); 12(b)(4)(B); 41(h).

5.     Any agent's underlying rough notes of the statements requested in items 1 and 2, above.  *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir.

1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order disclosure of notes of interview with defendant).  This request includes all entries in officers' field notebooks or equivalent.  *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir.1976) ("the original interview notes, especially relating to an FBI agent's interview with the accused, must be preserved" because potentially discoverable); *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991) (defendant's "confirmation of the facts in the notes before they were dictated on tape makes the notes and the tape producible under Jencks"); *United States v. Wicktor*, 403 F. Supp. 2d 964, 967 (D. Ariz. 2005) (officer who testifies at a preliminary hearing based on written reports of other detectives adopts those detectives' reports as his "statements" for Jencks Act purposes); *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (reversible error to destroy notes from interview when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *United States v. Alvarez*, 86 F.3d 901, 904 n.2 (9th Cir. 1996) ("Under the Jencks Act, witness statements, including reports prepared by testifying officers, must be turned over to the defense; *Goldberg v. United States*, 425 U.S. 94, 98 (1976) ("a writing prepared by a Government

lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act"); *United States v. Well*, 572 F.2d 1383, 1384 (9th Cir. 1978) (tape recordings of interviews). Although an officer's 'rough notes' need not be disclosed pursuant to the Jencks Act as witness statements, they must be disclosed pursuant to *Brady* if they contain material and exculpatory information. *See United States v. Andersson*, 813 F.2d 1450, 1459 (9th Cir.1987).

6. A copy of Mr. Aziz's record of prior convictions and the FBI rap sheet. Rule 16(a)(1)(D); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991) (*per curiam*). Both national and local criminal records should be searched. *See United States v. Perdomo*, 929 F.2d 967, 970 (3rd Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1998) (prosecution "deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation").

7. All items in request 6 above which "belong[] to" Mr. Aziz. Rule 16(a)(1)(E)(iii).

8. All items in request 6, above, which were "obtained from" Mr. Aziz. Rule 16(a)(1)(E)(iii).

9.     Any evidence, including, but not limited to, the items in request 6, above, which are intended for use by the government as evidence in its case-in-chief.  Rule 16(a)(1); *see* Rule 12(b)(4)(B); *United States v. De La Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir. 1995) (government's failure to designate evidence was violation of Rule 12(d)(2) which "creates a notice requirement").

10.     Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including, but not limited to, chemical analysis, fingerprints, polygraph exams, voice prints, and handwriting.  Rule 16(a)(1)(F). The request for mental examination includes any review of information relating to Mr. Aziz by any cultural, religious, psychological, behavior sciences or other such expert, including but not limited to consultations prior to and after attempted or completed contact with Mr. Aziz through electronic media and face-to-face.

11.     A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications."  Rule 16(a)(1)(G); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to the defense to check the findings and conclusions of the government's experts"); *see United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants

could not hire their own expert "until they were informed of the adverse report of the government expert"); *United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith").

12.     A description of any prior conviction or prior "similar act" the government will seek to introduce at trial.  Fed. R. Evid. 404(b) (requiring "reasonable notice in advance of trial . . . of the general nature of any such evidence"); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc) ("[t]rial by ambush" is "counterproductive in terms of judicial economy"), *overruled in part on other grounds by Luce v. United States*, 469 U.S. 38 (1984).

13.     The personnel files of each and every law enforcement agent who will testify in the case.  The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegation that any officer has ever made a false statement or has a reputation for dishonesty.  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf"); *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *see United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of agent's testimony as "absolutely incredible," which was in personnel file); *United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (court must conduct in camera

review of agent's personnel file to determine if impeachment matter [allegations that agent accepted bribes] should be disclosed).

14.    Reports and records relating to any eavesdropping, wiretapping, or electronic recording of any kind relating to this case.  *See* 18 U.S.C. §§ 2511-2522.  This request includes unredacted transcripts, applications for monitoring, and writings regarding the execution of such monitoring.

15.    All notes or other writings or documents used by a prospective government witness before the grand jury.  *United States v. Wallace*, 848 F.2d 1464, 1470-71 (9th Cir. 1988) (by referring to and using the notes during testimony before the grand jury, witness "adopt[ed] or approv[ed] of the statements as her own).

16.    The names and addresses of all percipient witnesses interviewed by the government whom it does not intend to call at the trial.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).  This request includes all contacts with persons claiming to know Mr. Aziz and the reports of the conversations, as potentially exculpatory.  The request also relates to any writings regarding investigation that indicated that statements from potential or claimed witnesses were incorrect, incomplete, or otherwise unreliable.

17.   The arrest and conviction record of each and every prospective

government witness.  *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988)

(criminal records of witnesses must be disclosed even if contained in witness's

probation file); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980).  The

government is required to search both national and local criminal record files.  *See*

*United States v. Perdomo*, 929 F.2d 967, 970 (3rd Cir. 1991); *United States v.*

*Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (entitled to disclosure of *Brady*

material in presentence reports); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir.

1997) (when star witness had long criminal record, it was "the state's obligation to

turn over all information bearing on that witness's credibility").

18.   Any evidence that a criminal case recently has been dismissed against

any prospective government witness.  *See United States v. Smith*, 77 F.3d 511,

514-15 (D.C. Cir. 1996) (dismissal of two felony cases pending against

prosecution witness were material to impeachment and should have been disclosed

pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir.

1989); *see also Giglio v. United States*, 405 U.S. 150 (1972) (credibility of

witness).

19.   Any evidence that any prospective government witness has any

criminal charge pending against him or her.  *United States v. Fried*, 486 F.2d 201,

203 (2d Cir. 1973); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment can be relevant to bias and motive of witness).

20.    Any evidence that any prospective government witness is under investigation by any federal or state authority. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir. 1985).

21.    Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant or undercover agent involved in this case. *Roviaro v. United States*, 353 U.S. 53 (1957); U.S. Const. amend. VI.

22.    Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio v. United States*, 405 U.S. 150, 152-55 (1972) (agreement not to prosecute); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied contingent fees); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (earnings of informant in past cases "highly relevant to

the question of his potential bias and interest" (quoting *United States v. Leja*, 568

F.2d 493, 499 (6th Cir. 1977)); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir.

1974) ("protective" custody status, per diem and special privileges); *Brown v.*

*Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be

disclosed even if no "promise" and even if conditional); *United States v. Boyd*, 55

F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating

witnesses including use of illegal drugs, regular unsupervised access to female

visitors which facilitated sex and drugs in United States Attorney's office, and gifts

of money, beer cigarettes, etc.); *United States v. Burnside*, 824 F. Supp. 1215, 1259

(N.D. Ill. 1993) ("defendants . . . [are] entitled to know . . . the government's

lenient security measures, the absence of drug testing and the other benefits, all of

which pointed to an implicit and illicit deal between the government and its

witnesses").

23.    Any evidence that any prospective witness has applied for, or

requested from the government, any consideration or benefit, including, but not

limited to, any plea bargain, dismissal of any charge, sentence reduction or early

parole, whether or not the government agreed to such a request. *Reutter v. Solem*,

888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th

Cir. 1987).

24.    Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *United States v. Kojayan*, 8 F.3d 1315, 1322 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness's attorney, where witness was informed that "everything would be all right," must be disclosed); *DuBose v. Lefevre*, 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he would "do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning). *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) ("special immigration treatment by the INS and the DEA was highly relevant impeachment material"); *Silva v. Brown*, 416 F.3d 980, 986 (9th Cir. 2005) (government should have disclosed "the full extent of the prosecution's deal" with the witness); *Horton v. Mayle*, 408 F.3d 570, 578-79 (9th Cir. 2005) (failure to disclose leniency deal with witness was material).

25.    The full scope of any witness's past cooperation with the government, including, but not limited to, all monies, benefits, and promises received in exchange for cooperation and investigative assistance, the names of the person investigated (and case numbers of any cases filed), the full extent of the witness's assets, and the status of the witness's present and past income tax liability.  *United States v. Blanco*, 392 F.3d 382, 392 (9th Cir. 2004) (special immigration treatment from INS and DEA); *Singh v. Prunty*, 142 F.3d 1157, 1161-62 (9th Cir. 1998) (prosecutor's failure to disclose cooperation agreement with key witness against defendant); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1009-10 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest); *United States v. Shaffer*, 789 F.2d 682, 688-89 & n.7 (9th Cir. 1986); *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1986) (reversible error to fail to disclose contracts that would give impeachment evidence against key witnesses who were hired by government to investigate the defendant).

26.    All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias, including but not limited to any potential personal, financial, or political interest in the furthering of this type of presentation. *See Kyles v. Whitley*, 514 U.S. 419, 454 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez*,

991 F.2d 1452, 1463-64 (9th Cir. 1993) (informant's recantation of earlier statement to DEA had to be disclosed under the Jencks Act, 18 U.S.C. § 3500 (2000), as it bore on credibility); *United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that could contradict his trial testimony); *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (reversible error to destroy notes from interview when there "was no substitute for the notes except the recollections of the agent and the witness, which differed in several respects"); *United States v. Service Deli Inc.*, 151 F.3d 938, 942-43 (9th Cir. 1998) (summary of interview notes not appropriate when it fails to disclose material information in the notes); *United States v. Steinberg*, 99 F.3d 1486, 1491 (9th Cir. 1996) (requiring disclosure that witness was involved in ongoing criminal activities while working as government informant and that witness owed defendant money), *disapproved of on other grounds by United States v. Foster*, 165 F.3d 689, 692 n.5 (9th Cir. 1999); *see generally United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

27.    Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony.  *See Kyles v. Whitley*, 514 U.S. 419, 454 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514, 518 (D.C. Cir. 1996) (reversible error not to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found "intolerable" misconduct where prosecutor to failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony; *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness's original statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same). *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("any variations in an accomplice witness's proposed testimony could be considered

favorable to the defense and the existence of such differences should be disclosed under *Brady*").

28.    Any evidence that any prospective government witness has made a statement that is inconsistent with, or contradictory to, any statement by any other person, whether or not a prospective witness.  *See United States v. Minsky*, 963 F.2d 870, 874-76 (6th Cir. 1992) (witness's statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness's statement that he identified defendant at lineup); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992) (statement of witness identifying another person as killer); *United States v. Galvis-Valderamma*, 841 F. Supp. 600, 607-10 (D.N.J. 1994) (new trial granted where statements made by arresting officer to FBI agent that bag of heroin found in car not in plain view should have been disclosed); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (information may be material even if it speaks only to defendant's credibility).

29.    Any evidence that any government witness has threatened another government or any other witness in an attempt to influence his testimony.  *United States v. O'Conner*, 64 F.3d 355, 359-60 (8th Cir. 1995).

30. Any evidence that a witness has engaged in crimes even though he or she has not been convicted of those crimes. *See Giglio v. United States*, 405 U.S. 150, 154 (1972) (evidence that witnesses might not be credible is material); *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell v. Wiman*, 287 F.2d 275, 280-81 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F. Supp. 444, 500 (D. Del. 1980) (prior bad acts of witness discoverable); *United States v. Burnside*, 824 F. Supp. 1215, 1271-72 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

31. Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *United States v. Bernal-Obeso*, 989 F.2d 331, 336-37 (9th 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1993) (DEA agent's opinion of informant credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992) (error not

to disclose witness's false statements to FBI); *see Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (failure to disclose evidence that key witness had previously falsely accused defendant of murder); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (when star witness had long criminal record, it was "the state's obligation to turn over all information bearing on that witness's credibility").

32.    Any evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1993) (DEA agent's negative view of informant's credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or "overcompensate").

33.    Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony, or at any time prior to testifying in court. *See Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) ("evidence that [witness] was using drugs during the trial would reflect on his competence and credibility"); *United States v. Burnside*, 824 F. Supp. 1215, 1265 (N.D. Ill. 1993) (reversible error to fail to disclose witnesses drug use because illegal drug use by the cooperating witness was relevant to the witnesses' abilities to recollect and relate events and "clear inducements from which a fact finder could infer that these witnesses may have

wanted to stay on the government prosecutors' good side" and adjusted their testimony accordingly); *Creekmore v. District Court of Eighth Judicial Dist. of State of Mont.*, 745 F.2d 1236, 1238 (9th Cir. 1984) ("[t]he goal of cross-examination is to expose flaws in a witness's memory, perception and narration"); *United States v. Butler*, 481 F.2d 531, 534-35 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility).

34.    Any medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired.  *See Bailey v. Rae*, 339 F.3d 1107, 1114-15 (9th Cir. 2003) (when consent was at issue, government should have disclosed reports that developmentally delayed alleged victim knew the difference between appropriate and inappropriate touching); *United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *United States v. McFarland*, 371 F.2d 701, 705 (2d Cir. 1966) (prior hospitalizations of witness for mental illness); *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

35.    Any evidence that a prospective government witness is biased or prejudiced against Mr. Aziz or has a motive to lie, exaggerate, falsify, or distort his

or her testimony. *See United States v. Bagley*, 473 U.S. 667, 683 (1985) (failure to disclose that witnesses might have been biased against defendant); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (motive to inform discoverable).

36.   Any impeaching or bad character evidence relating to any government witness, especially informants. *Giglio v. United States*, 405 U.S. 150, 154 (1972) (evidence affecting credibility of witnesses is material); *Carriger v. Stewart*, 132 F.3d 463, 497-80 (9th Cir. 1997) ("[t]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf"); *United States v. Bernal-Obeso*, 989 F. 2d 331, 335 (9th Cir. 1993) ("it is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed . . . to defense counsel as required by *Giglio*").

37.   Any evidence that a prospective government witness or agent who had contact with Mr. Aziz has not passed a polygraph examination or had inconclusive results. *United States v. Lynn*, 856 F.2d 430, 432-34 (1st Cir. 1988); *Carter v. Rafferty*, 826 F.2d 1299, 1305-09 (3rd Cir. 1987) (oral reports of polygraph examination).

38.   Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1993).

39.     The name of any person, whether or not he or she will be a witness, who could not identify Mr. Aziz or was unsure of his identity or participation in the crime charged, and the content of any such statement. *See Kyles v. Whitley*, 514 U.S. 419, 454 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (statement of eyewitness to crime which did not mention defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity); *United States v. Wilkins*, 326 F.2d 135, 138 (2nd Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

40.     Any physical evidence tending to exculpate Mr. Aziz, in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *See Miller v. Pate*, 386 U.S. 1, 6 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (government had duty to disclose results of company research which would have been useful in impeaching government witnesses); *see Paradis v. Arave*, 240 F.3d 1169, 1173 (9th Cir. 2001) (*Brady* obligates prosecutor turning over notes taken during interview when government witness gave

exculpatory information for defendant); *United States v. Alzate*, 47 F.3d 1103, 1109-10 (11th Cir. 1995) (new trial granted where prosecutor failed to correct his misstatement of fact which prejudiced defendant); *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (due process violated by failure to produce possibly impeaching photos of crime scene which would have buttressed defense that witness could not have seen out of windows in order to identify defendant); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *Walker v. Lockhart*, 763 F.2d 942, 955 (8th Cir. 1985) (en banc) (transcript of prisoner conversation in which he arguably admitted crime for which defendant on trial); *United States v. Poole*, 379 F.2d 645, 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 845 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80, 85 (5th Cir. 1963) (psychologist's report that defendant was incompetent to stand trial); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of coconspirator which lessened amount of drugs attributable to the defendant).

41.     Any evidence mitigating the punishment of Mr. Aziz. *Brady v. Maryland*, 373 U.S. 83, 85 (1963) (accomplice statement that he, not defendant,

was actual shooter mitigates punishment of defendant); *Blazak v. Ricketts*, 1 F.3d 891, 897 (9th Cir. 1993) (due process violated where psychiatric reports questioning defendant's competence to stand trial were not properly considered by trial court); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to defendant); *Lewis v. Lane*, 832 F.2d 1446, 1459 (7th Cir. 1987) (evidence that defendant did not have valid prior conviction which made him death eligible).

42.    The commencement and termination date of the grand jury that indicted Mr. Aziz.  *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990); *see also* 28 U.S.C. § 1867(a) ("the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury"); Fed. R. Crim. P. 6(b)(2) ("[a] party may move to dismiss the indictment based on an objection to the grand jury").

43.    The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict Mr. Aziz.

*See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict"); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

44. The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 954-55 (9th Cir. 1980) (same); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("[b]oth sides have the right to interview witnesses before trial").

**Conclusion**

For each of the foregoing reasons, Mr. Aziz respectfully requests that the government produce the materials requested above to protect and to enforce Mr. Aziz's exercise of his Fifth and Sixth Amendment rights to a fair trial.

Respectfully submitted,

Date:  January 7, 2016

*/s/ Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Asst. Federal Public Defender
Attorney ID# PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
*thomas_thornton@fd.org*
*Attorney for Jalil Ibn Ameer Aziz*

## CERTIFICATE OF SERVICE

I, Thomas A. Thornton, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Request for Discovery**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

DARYL F. BLOOM, ESQUIRE
United States Attorney's Office
228 Walnut Street, Room 220
Harrisburg, PA  17101
*daryl.bloom@usdoj.gov*

JALIL IBN AMEER AZIZ

ROBERT J. SANDER, ESQUIRE
U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
*Robert.Sander@usdoj.gov*

ADAM L. SMALL, ESQUIRE
U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
*Adam.Small@usdoj.gov*

Date:  January 7, 2016

*/s/ Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Asst. Federal Public Defender
Attorney ID# PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
*thomas_thornton@fd.org*
*Attorney for Jalil Ibn Ameer Aziz*