IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:15-CR-309 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JALIL IBN AMEER AZIZ | : | (electronically filed) |

## GOVERNMENT'S MOTION FOR  PRETRIAL CONFERENCE PURSUANT TO TITLE 18 U.S.C. APP. III (CIPA) SECTION 2

The United States of America, by and through undersigned counsel, hereby moves this Honorable Court to hold a pretrial conference, pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2.  Because the United States anticipates that issues of discovery, disclosure, or use of classified information will arise during this case, the United States respectfully requests that the Court convene a pretrial conference to consider matters relating to such classified information as required by Section 2 of CIPA.

## I.    OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.  See

United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."  United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."  United States v. Apperson, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").  Accordingly, federal courts have long recognized that "[i]t is not in the national interest for

revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. See United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); accord United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. See Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).  Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not

required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); accord United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady."). Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. See Baptista-Rodriguez, 17 F.3d at 1364.

A.     Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national defense and foreign relations of the United States. Id. § 1(b).

CIPA applies equally to classified testimony and classified documents. See United States v. Lee, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); Kasi v. Angelone, 200 F. Supp. 2d 585, 596-97 (E.D. Va.

4

2002) (applying CIPA to classified testimony).

     B.    <u>Section 2 - Pretrial Conference</u>

Section 2 of CIPA—the section the government is invoking in the instant motion—authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance, and admissibility of classified information pursuant to Section 6 of CIPA. <u>Id.</u> In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. <u>Id.</u> No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. <u>See</u> S. Rep. No. 96-823, at 5-6, <u>reprinted</u> <u>in</u> 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney.  18 U.S.C. App. III § 2.

C.     Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant.  Id. § 3.  Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," Pappas, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to issue protective orders in connection with the discovery process.[1]  In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the

---

[1] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

6

government discloses classified information to a defendant in connection with a prosecution, e.g. Brady and Jencks material." Id.

D.    Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; see e.g. United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998); Yunis, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the

7

> United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4. In essence, Section 4 allows the United States to request that the court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable. See United States v. Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); also United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F. Supp. 2d at 596 n.6.

For example, the government may request the Court deny discovery of a classified document in its entirety pursuant to Section 4

because it is not discoverable under the relevant legal standard. <u>Libby</u>, 429 F. Supp. at 48. Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. <u>Id.</u> at 47. If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any <u>ex parte</u> <u>in camera</u> pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4.

E.   <u>Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant</u>

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such information during the course of a trial or proceeding. <u>See</u>, <u>e.g.</u>, <u>Baptista-Rodriguez</u>, 17 F.3d at 1363; <u>Sarkissian</u>, 841 F.2d at 965-66; <u>Collins</u>, 720 F.2d at 1199-1200. Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to

disclose. <u>See</u> 18 U.S.C. App. III § 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." <u>Id.</u> Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. <u>See</u> <u>Collins</u>, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. <u>See</u> <u>United States v. Badia</u>, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such

information.  Id. § 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence.  18 U.S.C. App. III § 6(a).  Upon such a request, the court shall conduct a hearing.  Id.  Such hearing shall be conducted in camera if the Attorney General certifies to the Court that a public proceeding may result in the disclosure of classified information.  Id.  Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue.  Id. § 6(b)(1).  If the particular information was not previously available to the defendant, the government may, with the Court's approval, provide a generic description of the material to the defendant.  Id.  The Court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing."  Id. § 6(b)(2).

If the government requests a hearing before the proceeding at

11

which the defendant expects to disclose the classified information, the Court must issue a ruling before the proceeding commences. Id. § 6(a). The Court's ruling must be in writing and should set forth the basis for its determination as to each item of classified information. Id.

If, after an in camera hearing, the Court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. Id. § 6(d). If the Court finds the classified evidence may be disclosed or elicited, the government may move for, and the Court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. Id. § 6(c)(1).

If the Court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. Id. § 6(e)(1). Upon the government's filing of the Attorney General's affidavit, the Court "shall order that the defendant not disclose or cause the disclosure of such information," id., and may

impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. See S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III § 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. Id.

Whenever the Court rules at a Section 6(a) hearing that classified information is admissible, the Court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." Id. § 6(f). The Court may place the United States under a continuing duty to disclose rebuttal information. Id. If the government fails to comply, the Court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to

such information.  Id.

    F.    Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if this Court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.  Id. § 7.  If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.  Id.  Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court.  Id. § 7(b).

    G.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.  Id. § 8.  Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it

14

could no longer be regarded as classified.  See S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the Court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered.  The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information.  Id. at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  Id. at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. III § 8(c).  Following an objection, the Court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  Id.  In effect, this procedure supplements the notice provision under

Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

H.     Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. III § 9(a).  Security Procedures established pursuant to this provision are codified directly following Section 9 of CIPA.

I.     Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  Id. § 9A(a).

16

J.    Section 10 - Identification of Information Related to the National Defense

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information. See S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime. 18 U.S.C. App. III § 10.

K.    Sections 11-15 - Miscellaneous Provisions

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined. Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA. Section 14 identifies

the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated.  Last, Section 15 provides the effective date of CIPA.

## II.    REQUEST FOR PRETRIAL CONFERENCE UNDER SECTION 2 OF CIPA

On December 17, 2015, the defendant was arrested pursuant to a complaint that charged him with conspiring and attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  On December 21, 2015, a grand jury sitting in the Middle District of Pennsylvania returned a two-count indictment that charged the defendant with the same offenses.

On December 23, 2015, the government made its initial discovery production to the defendant.  This initial discovery comprised reports summarizing the interviews of the defendant's parents on the day of his arrest.  The government stated that it would postpone further discovery, including CIPA litigation, until it was apparent that a pretrial resolution was not forthcoming.

On January 16, 2016, the government provided defense counsel with a 34-slide PowerPoint Presentation containing a significant

18

amount of unclassified discovery relating to the case.  On February 8, 2016, the government extended plea offer to the defendant.  On February 23, 2016, the defendant filed a motion to continue the pretrial motions and trial dates.  Although the stated reason for the extension was that the government had not responded to requests for discovery, the government had previously explained to counsel that it had postponed discovery to allow the defendant additional time to consider the plea offer.  To date, the defendant has not accepted the offer, and counsel has notified the government that the defendant wishes to proceed to trial.

The government is in the process of reviewing a substantial quantity of additional material that is currently classified.  Some of this material may be subject to disclosure in advance of trial and could raise issues of national security that the Court will need to address under CIPA.  Accordingly, pursuant to Section 2 of CIPA, the United States respectfully requests that the Court schedule a pretrial conference to establish a discovery and motion schedule relating to any classified

information.[1]

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the government will provide a proposed schedule for the filing of motions under CIPA Section 3 relating to protective orders, and under CIPA Section 4 relating to the deletion, substitution, or disclosure of classified information. Because of the classified nature of certain information, the government will be unable to provide the court with specifics in open court (e.g., the type of information at issue, the amount of information at issue, the period of time when such information was collected, whether agencies other than the FBI are involved, etc.). If the Court so directs, the government will be prepared to present this information to the Court orally in an ex parte, in camera hearing. As previously noted,

---

[1] As set forth above, under Section 2 of CIPA, any party may move for a pretrial conference to "consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. Once such a motion is filed, the Court "shall promptly hold a pretrial conference." Id. At the conference, the Court should "establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." Id.

courts have consistently held that <u>in camera</u>, <u>ex parte</u> submission to a district court in matters involving national security are proper. <u>See</u>, <u>e.g.</u>, <u>United States v. Mejia</u>, 448 F.3d 436, 455 (D.C. Cir. 2006); <u>United States v. Gurolla</u>, 333 F.3d 944, 951 (9th Cir. 2003); <u>Pringle</u>, 751 F.2d at 427.

## CONCLUSION

For the foregoing reasons, pursuant to CIPA Section 2, the government respectfully requests that the Court schedule a pretrial conference to address scheduling matters in light of the existence of classified materials.

Respectfully submitted,

PETER J. SMITH
United States Attorney

  /s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney
PA 73820

228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-2246 (Fax)
Daryl.Bloom@usdoj.gov

/s/ Robert Sander
ROBERT J. SANDER
Trial Attorney
PA 82116

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/307-1102 (Office)
Robert.Sander@usdoj.gov

/s/ Adam Small
ADAM L. SMALL
Trial Attorney

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/616-2431 (Office)
Adam.Small@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:15-CR-309 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JALIL IBN AMEER AZIZ | : | (electronically filed) |

## ORDER

AND NOW, this ____ day of _____ 2016, upon consideration

of the government's motion for a pretrial  conference pursuant to

Section 2 of the Classified Information Procedures Act ("CIPA"), 18

U.S.C. App. III § 2, and the defendant's response thereto, it is hereby

ORDERED that the government's motion is GRANTED.  A pretrial

conference pursuant to Section 2 of CIPA is hereby set at _____ on ____

_____ 2016.

BY THE COURT:


_____
HONORABLE CHRISTOPHER C. CONNER
Chief Judge, United States District Court

23

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:15-CR-309 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JALIL IBN AMEER AZIZ, | : | |
| | : | |
| Defendant. | : | (Electronically Filed) |

## CERTIFICATE OF CONCURRENCE

In accordance with Local Rule 7.1, I hereby certify that I contacted counsel for the defendant to seek his concurrence in the foregoing Motion. Mr. Thornton, counsel for Jalil Ibn Ameer Aziz, concurs in this motion and the relief sought.

By:  /s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney
daryl.bloom@usdoj.gov
PA73820

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania
17108-1754
Phone: 717-221-4482
Fax: 717-221-2246

24

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:15-CR-309 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JALIL IBN AMEER AZIZ, | : | |
| | : | |
| Defendant. | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on this Friday, April 8, 2016, he caused to be served a copy of the attached

**GOVERNMENT'S MOTION FOR  PRETRIAL CONFERENCE PURSUANT TO TITLE 18 U.S.C. APP. III (CIPA) SECTION 2**

by electronic means to:

Thomas A. Thornton
thomas_thornton@fd.org

Dated:  April 8, 2016                                     /s/ Adam L. Small
                                                                    ADAM L. SMALL
                                                                    Trial Attorney

25