UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA: | : | Criminal No. 1:15-CR-309 |
| v. | : | (Chief Judge Conner) |
| JALIL IBN AMEER AZIZ, | : | |
| Defendant. | : | (electronically filed) |

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The Government respectfully requests the Court to include the attached instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

Dated:    January 23, 2017       ___/s/ Daryl F. Bloom___
DARYL F. BLOOM
Assistant United States Attorney
PA 73820

228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-4493 (Fax)
Daryl.Bloom@usdoj.gov

/s/ Robert Sander
ROBERT J. SANDER
Trial Attorney
PA 82116

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/307-1102 (Office)
Robert.Sander@usdoj.gov

/s/ Adam Small
ADAM L. SMALL
Trial Attorney

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/616-2431 (Office)
Adam.Small@usdoj.gov

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

———————

AUTHORITY:    Pattern Criminal Jury Instructions, 6th Circuit § 1.05.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses – something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into a courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that

it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or substantial evidence. It is for you to decide how much weight to give any evidence.

_____

AUTHORITY:    Third Circuit Model Jury Instructions, § 3.03.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

JUDICIAL NOTICE

I have taken judicial notice of certain facts.   Specifically, that from on or about July 2014 to on or about December 17, 2015, the Islamic State of Iraq and the Levant (ISIL) was a designated foreign terrorist organization.   I believe this fact is of such common knowledge and can be so accurately and readily determined from the Federal Register that it cannot reasonably be disputed.   You may accept this fact as proven, but are not required to do so.   As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

_____

AUTHORITY:   Third Circuit Model Jury Instructions, § 4.03.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

AUDIO/VIDEO RECORDINGS - NON-CONSENSUAL

During the trial, you heard recordings of conversations with the defendant which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the court. These recordings were lawfully obtained.   The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

_____

AUTHORITY:   Third Circuit Model Jury Instructions, § 4.05.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5</u>

OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Dr. Lorenzo Vidino.   Because of his knowledge, skill, experience, training, or education in the field of international terrorist organizations, Dr. Vidino was permitted to offer opinions in that field and the reasons for those opinions.

The opinions this witness states should receive whatever weight you think appropriate, given all the other evidence in the case.   In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.   You may disregard the opinions entirely if you decide that Dr. Vidino's opinions are not based on sufficient knowledge, skill, experience, training, or education.   You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not

supported by the facts shown by the evidence, or if you think that the

opinions are outweighed by other evidence.

_____

AUTHORITY:    Third Circuit Model Jury Instructions, § 4.08.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

## SUMMARIES - UNDERLYING EVIDENCE ADMITTED

The government presented certain charts and summaries in order to help explain the facts disclosed by the records which were admitted as evidence in the case.   The charts and summaries are not themselves evidence or proof of any facts.   If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

---

AUTHORITY:   Third Circuit Model Jury Instructions, §4.10.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

### CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollections. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

1. The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.    The quality of the witness' knowledge, understanding, and memory;

3.    The witness' appearance, behavior, and manner while testifying;

4.    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5.    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

6.    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7.    Whether the witness' testimony was consistent or inconsistent with other evidence that you believe.

8.    Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of important or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent probability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the important or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

———————

AUTHORITY:   Third Circuit Model Jury Instructions, § 3.04.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

## PRESUMPTION OF INNOCENCE: BURDEN OF PROOF; REASONABLE DOUBT

The defendant, Jalil Ibn Ameer Aziz, pleaded not guilty to the offense charged. Jalil Ibn Ameer Aziz started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Jalil Ibn Ameer Aziz unless and until the government has presented evidence that overcomes that presumption by convincing you that Jalil Ibn Ameer Aziz is guilty of the offense or offenses charged beyond a reasonable doubt. The presumption of innocence requires you to find Jalil Ibn Ameer Aziz not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Jalil Ibn Ameer Aziz has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Jalil Ibn Ameer Aziz is guilty and this burden stays with the government throughout the trial.

In order for you to find Jalil Ibn Ameer Aziz guilty of the offense charged, the government must convince you that Jalil Ibn Ameer Aziz is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a

reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubt or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense beyond a reasonable doubt you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more elements of the offense charged, then you must return a verdict of not guilty of that offense.

_____

AUTHORITY:    Third Circuit Model Jury Instructions, § 3.06.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

### "ON OR ABOUT" DEFINED

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

_____

AUTHORITY:    Third Circuit Model Jury Instructions § 3.08.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10</u>

## CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION
(18 U.S.C. § 2339B(a)(1))

Count 1 of the Indictment charges the defendant with a violation of 18 U.S.C. § 2339B(a)(1), which provides in relevant part that:

Whoever knowingly provides material support or resources

to a foreign terrorist organization or attempts or conspires to

do so, is guilty of a crime.

In order to find the defendant guilty of the offense of conspiracy to provide material support or resources to a Foreign Terrorist Organization in Count 1, the government must prove the following elements beyond a reasonable doubt:

**First**, that the defendant knowingly conspired to provide material support or resources to a foreign terrorist organization;

**Second**, that the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism;

**Third**, that one of the jurisdictional requirements, which I will explain in a moment, is satisfied.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

FIRST ELEMENT – CONSPIRACY TO PROVIDE MATERIAL
SUPPORT OR RESOURCES

The first element the government must prove beyond a reasonable

doubt is that the defendant knowingly conspired to provide material

support or resources to a foreign terrorist organization.   Here, the

government has alleged that the material support was personnel and

services.

In order for you to find a conspiracy to provide material support

and resources to a designated foreign terrorist organization, you must

find that the government proved beyond a reasonable doubt each of the

following three elements:

**First**:   That two or more persons agreed to provide material

support and resources to a designated foreign terrorist

organization, as charged in the indictment. I will explain the

elements of the offense to you shortly;

**Second**:   That Jalil Ibn Ameer Aziz was a party to or member of

that agreement;

**Third**:   That Jalil Ibn Ameer Aziz joined the agreement or

conspiracy knowing of its objective to provide material support and resources to a designated foreign terrorist organization and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Jalil Ibn Ameer Aziz and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to provide material support and resources to a designated foreign terrorist organization; and

I will explain each of these elements in more detail.

————

AUTHORITY:    Adapted from Third Circuit Model Jury Instructions, § 6.18.371A Conspiracy to Commit an Offense Against the United States; *See Whitfield v. United States,* 543 U.S. 209, 213, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005) ('[W]here Congress had omitted from the relevant conspiracy provision any language expressly requiring an overt act, the Court would not read such a requirement in the statute.')."

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

CONSPIRACY – EXISTENCE OF AN AGREEMENT

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to provide material support and resources to a designated foreign terrorist organization.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective or objectives, or agreed to all the details, or agreed to what the means were by which the objective or objectives would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged

conspiracy were named, or that all members of the conspiracy are even known.   What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

_____

**AUTHORITY**:   Third Circuit Model Jury Instructions, § 6.18.371C.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

CONSPIRACY – MEMBERSHIP IN THE AGREEMENT

If you find that a criminal agreement or conspiracy existed, then in order to find Jalil Ibn Ameer Aziz guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Jalil Ibn Ameer Aziz knowingly and intentionally joined that agreement or conspiracy during its existence.   The government must prove that Jalil Ibn Ameer Aziz knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The government need not prove that Jalil Ibn Ameer Aziz knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.   The government also does not have to prove that Jalil Ibn Ameer Aziz played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Jalil Ibn Ameer Aziz joined the

conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that Jalil Ibn Ameer Aziz only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Jalil Ibn Ameer Aziz was a member of the conspiracy even if Jalil Ibn Ameer Aziz approved of what was happening or did not object to it. Likewise, evidence showing that Jalil Ibn Ameer Aziz may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Jalil Ibn Ameer Aziz joined the conspiracy.

_____

**AUTHORITY:** Third Circuit Model Jury Instructions, § 6.18.371D.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

CONSPIRACY – MENTAL STATES

In order to find Jalil Ibn Ameer Aziz guilty of conspiracy you must find that the government proved beyond a reasonable doubt that Jalil Ibn Ameer Aziz joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives.   That is, the government must prove: (1) that Jalil Ibn Ameer Aziz knew of the objectives or goal of the conspiracy, (2) that Jalil Ibn Ameer Aziz joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that Jalil Ibn Ameer Aziz and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including Jalil Ibn Ameer Aziz's words or conduct and other facts and circumstances, in deciding whether Jalil Ibn Ameer Aziz had the required knowledge and intent.

_____

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.371E.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

CONSPIRACY – SUCCESS IMMATERIAL

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.   You may find Jalil Ibn Ameer Aziz guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually provided material support and resources to a designated foreign terrorist organization.

Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

---------

**AUTHORITY:**   Third Circuit Model Jury Instructions, § 6.18.371G.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

## DEFINITIONS

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, and transportation, but does not include medicine or religious materials.[1]

---

[1] 18 U.S.C. § 2339A(B)(1).

The term "personnel" means one or more persons, which can include the defendant's own person.[2]   However, no person can be convicted for a violation of this statute in connection with providing personnel unless that person has knowingly conspired to provide a foreign terrorist organization with one or more individuals, who may include the defendant, to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization.   Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction and control.[3]

The term "foreign terrorist organization" has a particular meaning under this statute.   In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law, and have been designated at the time the crime occurred.[4]

---

[2] 18 U.S.C. § 2339A(b)(1).

[3] 18 U.S.C. § 2339B(h).

[4] 18 U.S.C. § 2339B(g)(6).

For a person to act "knowingly" means that he realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

SECOND ELEMENT – KNOWLEDGE OF FTO

The second element that the government must prove beyond a reasonable doubt is that, in providing material support or resources to a designated terrorist organization, the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

Specifically, you must conclude that, at the time the defendant provided the material support or resources in question, he knew that they would be provided to the Islamic State of Iraq and the Levant. Further, you must find beyond a reasonable doubt either that the defendant knew that the Islamic State of Iraq and the Levant had been designated by the United States government as a foreign terrorist organization or that he knew that the organization had engaged in or was engaging in terrorist activity.[5]

---

[5] 18 U.S.C. § 2339B(a)(1).

The term "terrorist activity" includes: any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves any of the following:

(I) The highjacking or sabotage of any conveyance (including an aircraft, vessel, or vehicle).

(II) The seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained.

(III) A violent attack upon an internationally protected person or upon the liberty of such a person.

(IV) An assassination.

(V) The use of any--

(a) biological agent, chemical agent, or nuclear weapon or device, or

(b) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or

indirectly, the safety of one or more individuals or to cause substantial damage to property.

(VI) A threat, attempt, or conspiracy to do any of the foregoing.[6]

---

[6] 8 U.S.C. § 1182(a)(3)(B).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

## THIRD ELEMENT – JURISDICTION

Finally, the government must prove beyond a reasonable doubt that the defendant is a national of the United States, that the offense occurred in whole or in part within the United States, or the offense occurred in or affected interstate or foreign commerce.

## Definitions

The term "national of the United States" includes a citizen of the United States.[7]

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia.[8]

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.[9]

---

[7] 8 U.S.C. § 1101(a)(22).

[8] 18 U.S.C. § 10.

[9] *See United States v. Montford*, 27 F.3d 137, 139-40 (5th Cir. 1994); *see also* 18 U.S.C. § 10 ("The term 'foreign commerce,' as used in this title, includes commerce with a foreign country").

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.19

PROVIDED AND ATTEMPT TO PROVIDE MATERIAL SUPPORT TO
A DESIGNATED FOREIGN TERRORIST ORGANIZATION
(18 U.S.C. § 2339B(a)(1) and 2)

Count 2 of the Indictment charges the defendant with a violation

of 18 U.S.C. § 2339B(a)(1) and (2), which provides in relevant part that:

Whoever knowingly provides material support or resources

to a foreign terrorist organization or attempts to do so, is

guilty of a crime.

In order to find Jalil Ibn Ameer Aziz guilty of providing or

attempting to provide material support and resources to a foreign

terrorist organization, you must find that the government proved

beyond a reasonable doubt each of the following two (2) elements:

**First**:   That Jalil Ibn Ameer Aziz provided or intended to provide

material support and resources to a foreign terrorist organization,

as I have defined that offense; and

**Second**:   That Jalil Ibn Ameer Aziz performed an act constituting

a substantial step toward the commission of providing material

support and resources to a foreign terrorist organization which

strongly corroborates or confirms that Jalil Ibn Ameer Aziz intended to commit that crime.

With respect to the first element of attempt, you may not find Jalil Ibn Ameer Aziz guilty of providing or attempting to provide material support and resources to a foreign terrorist organization merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that Jalil Ibn Ameer Aziz's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Jalil Ibn Ameer Aziz guilty of attempt to provide material support and resources to a foreign terrorist organization merely because he made some plans to or some preparation for committing that crime. Instead, you must find that Jalil Ibn Ameer Aziz took some firm, clear, undeniable action to accomplish his intent to provide material support and resources to a foreign terrorist organization. However, the substantial step element does not require the government to prove that

the defendant did everything except the last act necessary to complete

the crime.

_____

<u>AUTHORITY</u>:    Third Circuit Model Jury Instructions, §7.01.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

SOLICITATION TO COMMIT CRIME OF VIOLENCE

Count 3 of the Indictment charges the defendant with a violation of 18 U.S.C. §§ 373 and 2.   Title 18, United States Code, Section 373 makes it a crime to solicit another person to commit a crime of violence. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

**First**, that the defendant intended that another person commit a federal felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another; and

**Second**, that under circumstances strongly corroborative of that intent, the defendant solicited, commanded, induced, or otherwise endeavored to persuade such other person to engage in such conduct.

The federal felonies involved in this case are (1) killing or attempting to kill an officer and employee of the United States while such officer and employee was engaged in and on account of the performance of official duties; that is certain members of the United States uniformed services, in violation of Title 18, United States Code, Section 1114, and (2) assault and batter of certain United States

servicemen on account of the military service of the servicemen and status of the individuals as United States servicemen and status of the individuals as United States servicemen, in violation of Title 18, United States Code, Section 1389(a).

The crime of murder in the first degree under Title 18, United States Code, § 1114, has the following four elements, which are:

**First**, the defendant unlawfully killed the victim;

**Second**, the defendant did so with malice aforethought and not in the heat of passion;

**Third**, the killing was premeditated as defined in instruction; and

**Fourth**, the victim was killed while engaged in his/her official duties, on account of the performance of his/her official duties or as an officer or employee of the United States.[10]

The crime of attacks on United States servicemen on account of service under Title 18, United States Code, § 1389, has the following two elements, which are:

---

[10] Model Crim. Jury Instr. 8th Cir. 6.18.1114A (2014).

**First**, the defendant assaults or batters a serviceman or his immediate family;

**Second**, the defendant did so on account of the military service of that serviceman.

It is not necessary to find that the killing or assault actually take place, just that the two elements of the solicitation offense are met.

———————

AUTHORITY:   18 U.S.C. § 1114.

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21</u>

### INTERSTATE COMMUNICATIONS—THREATS
(18 U.S.C. § 875(c))

In Count 4 of the Indictment the Defendant is accused of transmitting a threat in interstate or foreign commerce in violation of 18 U.S.C. §§ 875(c) and 2.   It is against federal law to send or transmit any communication in interstate or foreign commerce that contains any threat to injure a person.   For you to find defendant guilty of this crime, you must be convinced that the government has proven each of the following three elements beyond a reasonable doubt:

**First**, that the communication was sent or transmitted in interstate or foreign commerce;

**Second**, that defendant intended to send or transmit the communication; and

**Third**, that defendant had the purpose of issuing a threat or the knowledge that the communication would be viewed as a threat.

It is not necessary that the statement be made face to face. It is also not necessary to prove that defendant actually intended to carry out the threat.

---

AUTHORITY:   Fourth Circuit Model Jury Instructions, § 4.18.875.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

### AIDING AND ABETTING

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Jalil Ibn Ameer Aziz aided and abetted another or others in committing attempting to provide and providing material support and resources to a designated foreign terrorist organization as charged in Count 2 of the Indictment, solicitation to commit a crime of violence as charged in Count 3 of the indictment and transmitting a communication containing a threat to injure as charged in Count 4 of the indictment.   In order to find Jalil Ibn Ameer Aziz guilty of these offenses because he aided and abetted another or others in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

**First**: That another or others committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.   The principal need not have been charged with or found guilty of the offense or offenses, however, as long as you find that the government proved beyond a reasonable doubt that he or she committed the offense.

**Second**: That Jalil Ibn Ameer Aziz knew that the offense charged was going to be committed or was being committed by another or others, and

**Third**: That Jalil Ibn Ameer Aziz did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging another or others in committing the offense and with the intent that the principal commit the offense, and

**Fourth**: That Jalil Ibn Ameer Aziz's acts did, in some way, aid, assist, facilitate or encourage, the principal to commit the offense.   Jalil Ibn Ameer Aziz's acts need not themselves be against the law.

Evidence that Jalil Ibn Ameer Aziz was merely present during the commission of the offense(s) is not enough for you to find Jalil Ibn Ameer Aziz guilty as an aider and abettor.   If the evidence shows that Jalil Ibn Ameer Aziz knew that the offense was being committed or was

about to be committed, but does not also prove beyond a reasonable doubt that it was Jalil Ibn Ameer Aziz's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, you may not find Jalil Ibn Ameer Aziz guilty of the offense as an aider and abettor.   The government must prove beyond a reasonable doubt that Jalil Ibn Ameer Aziz in some way participated in the offense committed by the principal as something Jalil Ibn Ameer Aziz wished to bring about and to make succeed.

_____

AUTHORITY:   Third Circuit Model Jury Instructions, §7.02.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

CONCEALMENT AS CONSCIOUSNESS OF GUILT

You have heard testimony that after the crime was supposed to have been committed, Jalil Ibn Ameer Aziz hid seven high capacity ammunition magazines and ammunition behind a clothes washer and dryer.   You have also heard that Jalil Ibn Ameer Aziz tried to hide his identity from government officials.   If you believe that Jalil Ibn Ameer Aziz hid the high capacity ammunition magazines and ammunition and/or tried to hide his identity from government officials, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged.   This conduct may indicate that he thought he was guilty of the crime charged and was trying to avoid punishment.   On the other hand, sometimes an innocent person may hide ammunition magazines and ammunition for some other reason or hide his or her identity from government officials.   Whether or not this evidence causes you to find that the defendant was conscious of his guilt

of the crime charged, and whether that indicates that he committed the

crime charged, is entirely up to you as the sole judges of the facts.

_____

AUTHORITY:   Third Circuit Model Jury Instructions, § 4.30.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA:     Criminal No. 1:15-CR-309

              : 

      v.             :     (Chief Judge Conner)

              :

JALIL IBN AMEER AZIZ,      :

      Defendant.      :     (electronically filed)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this Monday, January 23, 2017, he caused to be served a copy of the attached

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

by electronic means by sending a copy to the e-mail addresses stated

below:

Addressee:
Thomas Thornton
Thomas_Thornton@fd.org

s/ Daryl F. Bloom
Daryl F. Bloom
Assistant United States Attorney