UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

**UNITED STATES OF AMERICA**

    **v.**

**JALIL IBN AMEER AZIZ,**

    Defendant.

        **No. 1:15-CR-309**

        **REPLY MEMORANDUM**

_____

### DEFENDANT'S REPLY MEMORANDUM

As discussed below, there is disturbing new data showing a very significant risk from the widespread COVID-19 Delta variant even for those who are fully vaccinated. Therefore, the fact that Mr. Aziz has thus far elected not to receive the vaccine should not stand in the way of the Court finding that his obesity and asthma constitute extraordinary and compelling reasons for granting this motion.

**A.    Mr. Aziz Has Established Extraordinary and Compelling Reasons for Granting this Motion**

The government concedes that Mr. Aziz' obesity and moderate to severe asthma are medical conditions which (were it not for the availability of the vaccine) would qualify as extraordinary and compelling reasons to grant compassionate release. However, the government argues that the availability of the vaccine (and his refusal to take it) means that the Court should *not* make this finding.

1

That argument fails to take into account the recent unfortunate news that *the vaccines are less than 50% effective against the now-widespread Delta variant*. An August 4, 2021 article in *Forbes* noted a recent study showing that two doses of the vaccine were only 49% effective against the Delta variant – the article stated:

> "…People who have received both doses of a COVID-19 vaccine are half as likely to be infected with the delta coronavirus than those who have not been vaccinated, according to a new study at Imperial College London, though the scientists warned a new vaccine targeting the infectious delta variant may be needed to combat concerns over vaccine efficacy.
> …[T]he study … is based on over 98,000 swab tests taken between June 24 and July 12…
> ***
> The researchers estimated that two doses of a COVID-19 vaccine are 49% effective at preventing infection with the delta variant, in line with recent data from Israel and much lower than previous estimates."
> https://www.forbes.com/sites/roberthart/2021/08/04/fully-vaccinated-half-as-likely-to-catch-delta-covid-variant-and-less-likely-to-infect-others-study-finds/

This alarming new data shows that the Delta variant poses a serious risk of COVID-19 infection *regardless* of vaccine status. While the vaccine may cut the risk in half (for as long as the immunity persists, which may only be six months) there is still a large risk of infection even for those who are fully vaccinated.

Further, it is also noted that unlike many BOP facilities at this time, USP Marion *does* have current inmate cases – 8 of them as of August 9. As of August 9, BOP has experienced 242 inmate deaths from COVID-19, two more since this motion was filed in June.  https://www.bop.gov/coronavirus/ (accessed 8/10/21) And it is well-known that the Delta variant is much more contagious than previous

versions of the virus, and has quickly become the most prevalent strain in the country.

Therefore, the fact that Mr. Aziz has refused the vaccine should not prevent the Court from finding that his COVID risk due to obesity and asthma constitute extraordinary and compelling reasons to reduce his sentence to time served.

As noted in the main motion herein, even before the recent statistics showed the decline in vaccine effectiveness against the Delta variant, release had been granted in some cases where the defendant either refused the vaccine or was vaccinated. *United States v. Darby*, 2021 U.S. Dist. LEXIS 113267 (NDOH June 17, 2021); *United States v. Reyes*, 2021 U.S. Dist. LEXIS 99864 (DCT 2021) (granting compassionate release noting "newly available data describe 'breakthrough infections' caused by COVID variants in vaccinated populations"); *United States v. Pappa*, 2021 U.S. Dist. LEXIS 75976 (SDFL 2021) (even though she "has received a COVID-19 vaccine, [Ms. Pappa] submitted evidence that the vaccine may not be completely effective in persons with obesity"); *United States v. Manglona*, 2021 U.S. Dist. LEXIS 42104 (WDWA 2021); *United States v. Bradshaw*, No. 1:96-CR-10032-DPW (D. Mass. Mar. 4, 2021); *United States v. Hatcher*, No. 18 CR. 454-10 (KPF), 2021 U.S. Dist. LEXIS 74760 (SDNY, 2021.)

And as previously noted, in *United States v. Brown*, 2021 US Dist. LEXIS 91312 (WDPA 2021) the District Court for the Western District of Pennsylvania

granted release to a defendant who had likewise declined the vaccine. Like Mr. Aziz, the *Brown* defendant was obese and suffered from asthma.

Since the motion herein was filed in June, but before the COVID Delta variant spike was as pronounced as it is now, and before the new statistics indicating that the vaccines are only about 49 % effective against it, more courts granted compassionate release based on COVID risk despite the availability of the vaccines. *United States v. Hester*, 2021 US Dist. LEXIS 136614 (SDNY July, 2021) (compassionate release granted in child pornography case where the *defendant refused the second dose of the vaccine*); *United States v. Palmer*, 2021 US Dist. LEXIS 141837 (D MD July, 2021) (compassionate release granted based on COVID risk *despite no cases at the defendant's prison and the fact that he previously tested positive for COVID-19 and then received both vaccine doses*); *United States v. Andrews*, 2021 US Dist. LEXIS 135948 (EDTN July, 2021) (defendant serving *life* sentence for drug conspiracy and possessing *pipe bombs* and with no COVID cases at his facility granted compassionate release despite being fully vaccinated); *United States v. Sawyer*, 2021 US Dist. LEXIS 137236 (EDNC June, 2021.)

Therefore, this Court should find that there are extraordinary and compelling reasons for granting compassionate release.

**B.    Mr. Aziz is not Dangerous and the 3553(a) Factors Support Release**

The prosecution argues that Mr. Aziz has not shown he does not pose a danger to the community, and that the 3553(a) factors do not support release. As argued in the initial motion herein, it is submitted that Mr. Aziz' lack of criminal history and exemplary prison record, coupled with his extreme immaturity at the time of the offense, do show that he does not pose a danger to anyone, and that the relevant sentencing factors weigh on the side of a reduced sentence. In addition, as also discussed in the initial motion, the complete lack of recidivism on the part of defendants released after serving sentences in terrorism-related cases also supports those findings.

Finally, the support from his brother and the supervision by the Probation Department would be able to mitigate any arguable risk which might be said to exist. Similarly, if there is any concern about Mr. Aziz' admittedly non-specific release plan, the Probation Department could investigate his re-entry situation and home environment prior to any ordered release.

And courts have granted compassionate release even where they may have had some doubts as to the issue of dangerousness, or how to balance the 3553(a) factors. In *US v. Palmer*, supra, the court granted release despite the fully vaccinated defendant having been part of a large-scale drug ring (with two prior

drug felonies) and having possessed a machine gun; and despite a problematic

prison record which included weapons infractions. The court stated:

> "…[T]he Government argues… that Mr. Palmer remains a danger to
> the community. …The Government points to the seriousness of Mr.
> Palmer's offense, which involved possession and transfer of firearms, as
> well as the fact that he has committed multiple infractions while imprisoned
> – notably, possession of three weapons…
> ***
> …Mr. Palmer has limited, though significant, criminal history. …
> [He] has completed coursework while incarcerated… It is not apparent from
> the record before me that Mr. Palmer continues to present a danger to the
> community…
> …[He served] 18 months of abnormally harsh conditions due to the
> pandemic [and] I am satisfied that the time Mr. Palmer has served – and will
> serve – [the court ordered 18 months home confinement] is as severe as the
> guidelines intended.
> Although it is admittedly a close call, considering all the
> circumstances, I find that weighing the 3553(a) factors points towards
> granting release…" *United States v. Palmer*, supra, at 10-13.

In contrast to Mr. Palmer, Jalil Aziz has *no criminal history* and *zero prison*

*violations*. Like Mr. Palmer, he has served the last 18 months in the harsh

conditions precipitated by the pandemic. As in that case and the others cited herein

and in the initial motion, this Court should find that the relevant factors support

release.

## CONCLUSION

For the foregoing reasons, because of the risk posed to Jalil Aziz by

COVID-19 (especially the Delta variant, which would pose a significant risk even

6

if he were vaccinated) as well as all the other facts and circumstances herein, the

Court should grant this motion.

    Dated: August 11, 2021

                Respectfully submitted,

                *Kathy Manley*
                KATHY MANLEY
                (*pro hac vice*)
                NY Bar Roll No. 3935467
                Attorney for *Jalil Aziz*
                26 Dinmore Road
                Selkirk, NY 12158
                (518) 635-4005 (phone and fax)
                Mkathy1296@gmail.com