UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

Case No. 1:15-CR-309

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

JALIL IBN AMEER AZIZ

(COMPASSIONATE RELEASE)

Upon motion of ⊠ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors

provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing

Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____

is reduced to _____. If this sentence is less than the amount of time

the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐      This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The defendant has not established extraordinary and compelling reasons for compassionate release. The defendant is obese and has asthma, placing him at higher risk of severe illness from COVID-19. We note, however, that nearly 75% of prisoners at FCI Marion (849 of 1165) have been vaccinated to date, and while there were eight cases of COVID-19 among the prison population when the defendant filed his reply, there are now only two. We also note that, notwithstanding his claim that COVID-19 is such an urgent and dire risk to his health that we must release him from prison nearly six years early, the defendant has refused a vaccination and thus voluntarily declined the best (albeit, imperfect) defense available to protect him from severe outcomes. There is no indication in the defendant's briefing that this refusal was animated by any legitimate medical or other concern. We join the robust majority of courts to find that these circumstances are not an extraordinary and compelling basis for compassionate release.

Assuming that the defendant had shown extraordinary and compelling reasons for compassionate release, we would deny his motion based on the Section 3553(a) factors. The defendant committed two serious federal offenses: conspiring to provide material support and resources to a designated foreign terrorist organization and transmitting a communication containing a threat to injure American servicemen and women. Among other things, the defendant used social media to promote ISIL propaganda, pledged his allegiance to ISIL, advocated acts of violence against nonadherents, and disseminated a "kill list" compiled by a known ISIL associate, revealing identifying information for--and jeopardizing the lives of--approximately 100 United States military members.

The mitigating circumstances underscored now by counsel--the defendant's age, lack of criminal history, and growing familial support system--are not new. These factors were vigorously argued by prior counsel and carefully considered by the court at sentencing. Indeed, they formed the basis for the court's decision to grant a substantial downward variance, from the 300-month statutory maximum term recommended by the Guidelines to a sentence of 160 months' imprisonment. The defendant has not shown a further reduction to be warranted. We do not discount his rehabilitative efforts while incarcerated; we are encouraged by them, and hope they will serve the defendant well when he is released in roughly six years. But the balance of the salient Section 3553(a) factors--in particular, the need to protect the public, reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate specific and general deterrence--demand that the defendant's sentence remain intact. In sum, we conclude that the existing punishment still fits both crime and criminal.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:  August 16, 2021

/s/ Christopher C. Conner
_____

Christopher C. Conner
United States District Judge
Middle District of Pennsylvania